Our File No.: 30921
Stephanie M. Hehman, Esq. (SH6698)
BOROWSKY & BOROWSKY, LLC
Attorneys at Law
59 Avenue at the Common, Suites 101 & 102
Shrewsbury, NJ 07702
TEL: 732-212-9400 • FAX: 732-212-9445
Attorneys for Plaintiff, The Travelers Lloyds Insurance Company

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRAVELERS LLOYDS INSURANCE COMPANY, | |
| | Civil Action No.: |
| *Plaintiff,* | |
| *vs.* | |
| RIGID GLOBAL BUILDINGS, LLC; RIGID BUILDING SYSTEMS, LTD; GRAND SLAM PARTNERS, LLC; RANDOLPH ENTERPRISES, LLC; THE ADKINS GROUP, INC.; BETA REALTY UNIT 6, LLC; JRA ARCHITECTURE, LLC; ASSOCIATED BUILDING SERVICES, INC.; SMITH/ROBERTS & ASSOCIATES, INC.; THOMAS G. SMITH, P.E.; ANDREW CHURCHILL, AIA; ENTECH GROUP, INC.; and SELECTIVE CASUALTY INSURANCE COMPANY, | COMPLAINT FOR DECLARATORY JUDGMENT |
| *Defendants.* | |

Plaintiff, The Travelers Lloyds Insurance Company, by way of Complaint for Declaratory Judgment says:

### THE PARTIES

1. Plaintiff is a business entity authorized to transact business in the State of New Jersey with a principal place of business located at One Tower Square, Hartford, Connecticut.

2. Upon information and belief, defendant Rigid Global Buildings, LLC, is a limited liability company organized in the State of Texas, having a principal place of business at 18933 Aldine Westfield Road, Houston, Texas. Its members consist of Frederick Campana, Alireza Ghodsi, Jin Huan Manufacturing Group, Inc., Jia Shi Enterprises Company, Inc. and Hebei Jinhuan Steel Structure Engineering Co. Ltd. Frederick Campana and Alireza Ghodsi are citizens of Texas. Jin Huan Manufacturing Group, Inc. is a Texas corporation, having a principal place of business at 700 Gemini St., Houston, Texas. Jia Shi Enterprises Company, Inc. is a Texas corporation, having a principal place of business at 700 Gemini St., Houston, Texas. Hebei Jinhuan Steel Structure Engineering Co. Ltd. is a Chinese company, having its principal place of business in Shijiazhuang High-tech Industrial Development Zone in Hebei Province, China.

3. Upon information and belief, Rigid Global Buildings, LLC is a successor-in-interest to Rigid Building Systems, Ltd., which was a limited partnership organized in the State of Texas, having a principal place of business at 18933 Aldine Westfield Road, Houston, Texas. Its partners, Frederick Campana and Alireza Ghodsi, are citizens of Texas.

4. Upon information and belief, Rigid Building Systems, Ltd. became insolvent and an involuntary Chapter 7 bankruptcy petition was filed on December 6, 2010 in the United States Bankruptcy Court, Southern District of Texas, Houston Division. In January of 2011, the bankruptcy court approved an asset sale agreement in which Rigid Building Systems, Ltd.'s assets were sold to Rigid Global Buildings, LLC. The Chapter 7 bankruptcy case was terminated on February 14, 2018.

5. Upon information and belief, defendant Grand Slam Partners, LLC, is a limited liability company organized in the State of New Jersey, having its principal place of business at

1578 Sussex Turnpike, Unit A, Randolph, New Jersey.  Its sole member, Jennifer Rogers, is a citizen of New Jersey.

6. Upon information and belief, defendant Randolph Enterprises, LLC, is a limited liability company organized in the State of New Jersey, having its principal place of business at 1578 Sussex Turnpike, Unit A, Randolph, New Jersey.  Its sole member, Jennifer Rogers, is a citizen of New Jersey.

7. Upon information and belief, defendant The Adkins Group, Inc., is an Indiana corporation, having its principal place of business at 610 W. Main Street, Greenfield, Indiana.

8. Upon information and belief, defendant Beta Realty Unit 6, LLC, is a limited liability company organized in the State of New Jersey, having its principal place of business at 101 East Main Street, Little Falls, New Jersey.  Its members are citizens of New Jersey and Florida.

9. Upon information and belief, defendant JRA Architecture, LLC, is a limited liability company organized in the State of Indiana, having a principal place of business at 7222 North Shadeland Ave., Suite 200, Indianapolis, Indiana.  Its sole member, Andrew Churchill, is a citizen of Indiana.

10. Upon information and belief, defendant Associated Building Services, Inc., is a New York corporation, having its principal place of business at 239 Wisner Ave., Middletown, New York.

11. Upon information and belief, defendant Smith/Roberts & Associates, Inc., is an Indiana corporation, having its principal place of business at 405 Massachusetts Ave., Suite 300, Indianapolis, Indiana.

12. Upon information and belief, defendant Thomas G. Smith, P.E., is a professional engineer licensed in New Jersey and a citizen of Indiana.

13. Upon information and belief, defendant Andrew Churchill, AIA, is a licensed architect registered in New Jersey and a citizen of Indiana.

14. Upon information and belief, defendant Entech Group, Inc., is a New Jersey corporation, having its principal place of business at 400 Morris Ave., Suite 265, Denville, New Jersey.

15. Upon information and belief, defendant Selective Casualty Insurance Company is an insurance carrier authorized to transact business in the State of New Jersey, having its principal place of business at 40 Wantage Ave., Branchville, New Jersey.

## JURISDICTION

16. The basis for jurisdiction is diversity of citizenship pursuant to 28 *U.S.C.* § 1332 in that the alleged amount of the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the plaintiff and the defendants.

17. This matter is being brought pursuant to the Federal Declaratory Judgment Act, 28 *U.S.C.* § 2201, *et seq.*

18. Venue is proper within this jurisdiction pursuant to 28 *U.S.C.* § 1391(a).

19. All of the parties impleaded in this litigation have, may have or may claim an interest in the outcome of this litigation and are properly joined pursuant to *Fed.R.Civ.P.* 19 and/or 20.

## THE UNDERLYING LITIGATION

20. Defendants Grand Slam Partners, LLC and Randolph Enterprises, LLC filed a lawsuit in the Superior Court of New Jersey, Law Division, Morris County, docket number MRS-L-2984-13 (the "Grand Slam action"), seeking relief against various parties, including defendants

Rigid Global Buildings, LLC, The Adkins Group, Inc., Beta Realty Unit 6, LLC, JRA Architecture, LLC, Associated Building Services, Inc., Smith/Roberts & Associates, Inc., Thomas G. Smith, P.E., Andrew Churchill, AIA, and Entch Group, Inc., regarding alleged damages related to an indoor tennis center located at 1578 Sussex Turnpike, Randolph, New Jersey.

21. In the Grand Slam action, defendant The Adkins Group, Inc., filed a third-party complaint seeking relief against various parties, including defendants Rigid Building Systems, Inc., Rigid Global Buildings, LLC, JRA Architecture, LLC, and Associated Building Services, Inc.

22. Defendant Selective Casualty Insurance Company, which issued insurance policies to Grand Slam Partners, LLC and/or Randolph Enterprises, LLC, filed a lawsuit, as subrogee of Grand Slam Partners, LLC and/or Randolph Enterprises, LLC, in the Superior Court of New Jersey, Law Division, Morris County, docket number MRS-L-985-15 (the "Selective action"), seeking relief against various parties, including defendants Rigid Building Systems, Inc., The Adkins Group, Inc., JRA Architecture, LLC, and Associated Building Services, Inc.

23. In the Selective action, defendant The Adkins Group, Inc., filed a third-party complaint seeking relief against various parties, including defendants Rigid Global Buildings, LLC, Beta Realty Unit 6, LLC, Smith/Roberts & Associates, Inc., Thomas G. Smith, P.E., and Entch Group, Inc.

24. The Grand Slam action and the Selective action have been consolidated for litigation in the New Jersey Superior Court (collectively the "underlying actions").

25. Pursuant to an order filed by the United States Bankruptcy Court, Southern District of Texas, Houston Division, the "automatic stay" of the claims against Rigid Building Systems,

Ltd. pursuant to 11 *U.S.C.* § 362 was "lifted to allow A[d]kins . . . to assert . . . its claims against Rigid Building Systems, Ltd." in the Grand Slam action.

26. It is alleged in the underlying actions that each of the defendants was responsible for the design, fabrication, construction and/or erection of the indoor tennis center, and that each was negligent in carrying out their respective responsibilities, resulting in damages to the plaintiffs in the underlying actions.

27. It is alleged in the Grand Slam action that the indoor tennis center sustained damages as a result of Hurricane Irene in August of 2011, and Super Storm Sandy in October of 2012. It further is alleged in the underlying actions that on February 14, 2014, the roof of the indoor tennis center collapsed as a result of the accumulation of snow and ice on the roof.

## FIRST COUNT

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 as if set forth at length herein.

29. Plaintiff issued certain insurance policies to Rigid Building Systems, Ltd., which coverage term expired on March 1, 2011.

30. The policies provided, in part, that plaintiff "will pay those sums that [Rigid Building Systems, Ltd.] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' [caused by an 'occurrence' that occurs during the policy period] to which this insurance applies," subject to the terms, conditions and exclusions contained in the policies. The policies excluded coverage for, among other things, contractually assumed liabilities, and contained various exclusions for business risks attributable to the insured's products and work.

31. Plaintiff previously reserved its rights to disclaim coverage as to the Grand Slam action and denied coverage as to the Selective action.

32. The complaints in the underlying actions do not allege any claims for "property damage" that occurred "during the policy period" and caused by an "occurrence" as defined by the policies issued by plaintiff.

33. The claims asserted against Rigid Building Systems, Ltd. in the underlying actions are not covered and/or are excluded from coverage pursuant to the terms, conditions and exclusions of the policies issued by plaintiff.

34. Rigid Building Systems, Ltd. is not entitled to insurance coverage from plaintiff for the claims asserted in the underlying actions.

35. Plaintiff is not obligated to defend or indemnify Rigid Building Systems, Ltd. for the claims asserted in the underlying actions.

WHEREFORE, plaintiff The Travelers Lloyds Insurance Company demands judgment as follows:

a. Declaring and adjudging that the claims asserted in the underlying actions are not covered and/or are excluded from coverage under the policies issued by plaintiff;

b. Declaring and adjudging that plaintiff is not obligated to defend or indemnify Rigid Building Systems, Ltd. for the claims asserted in the underlying actions;

c. Declaring and adjudging that all defendants are bound to the outcome of this litigation;

d. For counsel fees and costs incurred in prosecuting this action; and

e. All other relief the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

## CERTIFICATION PURSUANT TO *LOCAL CIVIL RULE* 11:2

 I hereby certify that, upon information and belief, this matter is not the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, except for the underlying actions referred to above and *Evanston Insurance Company v. Grand Slam Partners, LLC, et al.*, civil action number 2:16-cv-09420.

            BOROWSKY & BOROWSKY, LLC
            Attorneys at Law
            Attorneys for Plaintiff, The Travelers Lloyds
            Insurance Company


            *s/ Stephanie M. Hehman*
            STEPHANIE M. HEHMAN (SH6698)

Dated:  April 9, 2018